IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TONY WATSON,
 Plaintiff,

vs.           CASE NO.: 5:09cv38/RS/MD

MICHAEL J. ASTRUE,
Commissioner of Social Security,
 Defendant.
_____

## REPORT AND RECOMMENDATION

  This case is before the court upon plaintiff's complaint filed pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claim for benefits. Pending is the defendant's motion to remand pursuant to sentence four of § 405(g) (doc. 27). The plaintiff does not oppose the motion according to the certification of the defendant.

  Pursuant to sentence four of 42 U.S.C. § 405(g), the court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." The Commissioner of Social Security states that remand is appropriate so the ALJ can be directed to fully develop the medical records from plaintiff's psychiatric treatment in 2007 as well as any follow-up care. The ALJ will re-evaluate plaintiff's residual functional capacity and include the credible limitations attributable to his mental impairments. He or she will explain the weight given to all state agency medical opinions and the ALJ will also obtain vocational expert testimony to support a decision at step five of the sequential evaluation. Good cause has been shown for remand.

**Accordingly, it is RECOMMENDED as follows:**

1.	That the defendant's motion to remand (doc. 27) be GRANTED and the Commissioner's decision denying benefits be REVERSED.

2.	That this case be remanded to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g).

3.	That defendant be ordered to direct the Administrative Law Judge to fully develop the medical records from plaintiff's psychiatric treatment in 2007 as well as any follow-up care.  The ALJ will re-evaluate plaintiff's residual functional capacity and include the credible limitations attributable to his mental impairments.  He or she will explain the weight given to all state agency medical opinions and the ALJ will also obtain vocational expert testimony to support a decision at step five of the sequential evaluation.

4.	That the clerk be directed to enter judgment for plaintiff and close the file.

**DONE AND ORDERED** this 8th day of December, 2009.


/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and al other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**